UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEE JEFFERY & PARTNERS
ADVERTISING, INC.,

    Plaintiff,

    v.

BEST BUY CO., INC., et al.,

    Defendants.
_____/

This Document Also Relates To:

Identity Arts, LLC v. Best Buy Enterprise
Service, Inc., et al. (C 05-4656 PJH)
_____/

No. C 06-1631 PJH

**ORDER**

    Before the court is plaintiff's letter, dated October 10, 2006, in which plaintiff requests a telephone conference with the court in order resolve (1) plaintiff's request to file a consolidated opposition to various pending motions for judgment on the pleadings; and (2) a dispute between the parties that has arisen regarding negotiation of a stipulated protective order. After review of the letter, and despite the fact that no opposing or responsive letter from any defendant has been filed, the court orders as follows:

    With respect to plaintiff's request to file a consolidated opposition, the court GRANTS plaintiff's request, in view of the fact that no opposition from defendants would persuade the court otherwise. Plaintiff may therefore file one opposition brief, no more than 35 pages, in response to defendants' motions for judgment on the pleadings.

    With respect to the existing dispute regarding negotiation of a stipulated protective order, the court will not – and normally does not – involve itself with the parties' internal

negotiations regarding finalization of a joint protective order.  Rather, per the court's usual requirements, the parties must simply submit either a stipulated protective order, or in the event they cannot agree on one, the parties must submit 2 competing protective orders, from which the court will choose which one to sign.  The parties should keep in mind, however, that the court would be most inclined to select a protective order that incorporates the procedure most in line with the requirements set forth in Local Rule 79-5(d), which rule requires the *designating* party to establish that a document is subject to protection, and to withdraw that designation in the event the designating party cannot make such a showing.  As it appears that plaintiff seeks a similar procedure here, it is more likely than not that the court would accept plaintiff's proposed version.

With the above in mind, the parties can decide whether they wish to come to an agreement and file a jointly stipulated protective order, or submit competing versions of protective orders for the court's consideration.  The parties are informed, however, that the court is unavailable until next Monday, October 16, 2006, at which point the court will be conducting a trial that will not conclude until Thursday, October 19.  Accordingly, no resolution of the parties' dispute would occur until Friday, October 20, at the earliest.  As such, if the parties wish to resolve the matter before then, they should do so amongst themselves.

**IT IS SO ORDERED.**

Dated: October 11, 2006

PHYLLIS J. HAMILTON
United States District Judge

2