1   Michael E. Dergosits (SBN 118206)
    DERGOSITS & NOAH LLP
2   Four Embarcadero Center, Suite 1450
    San Francisco, California 94111
3   Telephone: (415) 705-6377
    Facsimile:  (415) 705-6383
4   mdergosits@dergnoah.com
5
    Attorneys for GEE JEFFERY & PARTNERS
6   ADVERTISING, INC.
7

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 11   GEE JEFFERY & PARTNERS ADVERTISING, INC.,  | CASE NO.: C 06-01631 PJH |
| 12 | |
| 13                     Plaintiff, | Consolidated for discovery with |
| 14              v. | CASE NO.: C 05-04656 PJH |
| 15   BEST BUY ENTERPRISE SERVICES, INC., a Minnesota corporation, BEST | |
| 16   BUY CO., INC., a Minnesota corporation, IDENTITY ARTS, LLC,  a California | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 17   Limited Liability Company, SPRINT CORPORATION, a Kansas corporation, | |
| 18   AMC ENTERTAINMENT INC., a Delaware corporation, DAVID SCOTT | |
| 19   JANSSEN, an individual, DAVID BOBROW, an individual, and DOES 1 | |
| 20   through 100 inclusive, | |
| 21                     Defendants. | |
| 22 | |
| 23   IDENTITY ARTS, a California Limited Liability Company | |
| 24                     Plaintiff, | |
| 25              v. | |
| 26   BEST BUY CO., INC., et al., | |
| 27                     Defendants. | |
| 28 | |

1    The parties' participation in pretrial discovery may require the disclosure of certain
2    documents and testimony which contain or concern confidential, sensitive, proprietary or
3    financial information, or information which one or more of the parties are legally required to
4    maintain as confidential or required to maintain as confidential pursuant to agreement with third
5    parties.  The parties wish to provide for the delivery of such information in a manner that will
6    protect its confidentiality and limit its dissemination to others.  The parties hereby stipulate to and
7    petition this Court to enter the following Stipulated Protective Order, which shall be binding in
8    this action ("Best Buy II") and in the related action caption <u>Identity Arts v. Best Buy Enterprise</u>
9    <u>Services, Inc., et al</u>, Case No. C 05-04656 PJH ("Best Buy I").

10    IT IS HEREBY STIPULATED TO BY THE PARTIES AND ORDERED THAT the
11    following provisions shall govern the handling and disclosure of testimony, arguments, filings,
12    documents, things and information obtained, generated or produced by any party to these
13    proceedings, or by third parties:

14    1.    <u>DEFINITIONS</u>

15    1.1    <u>Confidential Information</u>:    Means any confidential, sensitive, private, or
16    proprietary information, including trade secrets, financial information, competitive information,
17    and personal information which the Producing Party reasonably and in good faith believes is in
18    fact confidential, sensitive, or proprietary information, that is legally protected and/or not publicly
19    available.    Confidential Information may be included, without limitation, in the following:
20    exhibits and testimony taken at deposition, conference, hearing or trial; affidavits or declarations;
21    correspondence; e-mails; conversations; answers to interrogatories; documents and tangible
22    things produced by a party or person (whether produced pursuant to Rule 34 of the Federal Rules
23    of Civil Procedure, subpoena, or otherwise); responses to requests for admission; and briefs that
24    may quote, summarize, or contain Confidential Information.

25    1.2    <u>Document</u>:    The term "document" shall have the most comprehensive and
26    inclusive meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure or Rule 1001
27    of the Federal Rules of Evidence, and includes without limitation any written, recorded,
28    electronically stored, or graphic material.

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

1        1.3    Producing Party:    Means a party or non-party that produces documents,

2    information or other materials in connection with this litigation.

3        1.4    Receiving Party:    Means a party in this litigation (or counsel thereto and their

4    agents) who obtains access to any Confidential Information pursuant to paragraph 1.1 of this

5    Order.

6        1.5    Expert:    A person with specialized knowledge or experience in a matter pertinent

7    to the litigation who has been formally retained in good faith by a party or its counsel to serve as

8    an expert witness or as a consultant in this action.    This definition includes a professional jury or

9    trial consultant retained in connection with this litigation.

10        1.6    Legend:    Means a large, bold stamp or similar insignia stating either "HIGHLY

11    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

12    2.    SCOPE

13        The protections conferred by this Stipulated Protective Order cover not only Confidential

14    Information, but also any information copied or extracted therefrom, as well as all copies,

15    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16    parties or counsel to or in court or in other settings that might reveal Confidential Information.

17    3.    DESIGNATION

18        3.1    Exercise of Good Faith and Care in Designating Confidential Information.    Any

19    party to this action may designate information or documents "Highly Confidential – Attorneys'

20    Eyes Only" or "Confidential" in the reasonable exercise of that party's discretion and upon a

21    good faith belief that such materials may reasonably be considered Confidential Information,

22    provided, however, that by agreeing to this Stipulated Protective Order, no party waives the right

23    to challenge any other party's designation.

24        Mass, indiscriminate, or routinized designations are prohibited.    If it comes to a party's

25    attention that information or items that it designated for protection under this Order do not qualify

26    for protection at all, or do not qualify for the level of protection initially asserted, that party must

27    promptly notify all other parties that it is withdrawing the mistaken designation.

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

3.2    Manner and Timing of Designations.

(a)    *Designation of Documents or Filings.*    To designate Confidential Information in documentary form, the designating party shall place the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains material to be protected under this Order.  If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)    *Designation of Testimony and Hearing Transcripts.*    To designate Confidential Information in testimony (or in exhibits referred to therein), the designating party shall (1) make an oral statement to such effect on record in the course of the hearing or deposition or (2) designate a certified deposition or hearing transcript, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so notifying all parties in writing within twenty (20) days after receipt of such transcript (unless a different time is otherwise agreed to in writing by all parties hereto).  Portions of transcripts and exhibits containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each page the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by counsel for the party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the deponent has had access.

(c)    *Designation of Material Produced in Non-Paper Media or Other Tangible Items*.    To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the designating party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the event the Receiving Party generates any copy, transcription, or printout from any such designated non-paper media, such party must mark such copy, transcription or printout as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and treat

1    it as so designated.

2            (d)     Any portion of the content of any oral discussion between or among the

3    parties and/or the attorneys for the parties may be designated as Confidential Information by

4    informing the discussion participant(s) of such designation during said discussion or within 72

5    hours thereafter and by confirming such designation in writing thereafter.  The confirming writing

6    must identify with reasonable specificity the information communicated during the oral

7    discussion that is designated as confidential or the designation shall be ineffective.

8        3.3    Levels of Confidentiality Designations.    There shall be two levels of

9    confidentiality pertaining to testimony, arguments, filings, documents, things and information as

10   follows hereunder.

11           (a)     Any testimony, arguments, filings, documents, things and information

12   designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is accessible only by

13   the following persons:

14                   (i)     Counsel of record for the respective parties in this action, and the

15                           attorneys, paralegals, and staff employed by counsel who have been

16                           assisting in the conduct of this action; and

17                   (ii)    Defendants' in-house counsel; and

18                   (iii)   The Court and its personnel (including court reporters); and

19                   (iv)    The author of the specific document or the original source of the

20                           information, and any person identified on the face of a document or

21                           thing; and

22                   (v)     Experts (as defined in this Order) engaged by counsel to assist in

23                           this litigation, provided that for each such consultant or expert,

24                           counsel for the party seeking to disclose such information secures,

25                           in advance of such disclosure, an executed Certification in the form

26                           shown in Exhibit A.   To the extent that such expert's or

27                           consultant's identity should become known by way of designation

28                           (or otherwise), said certification shall be produced within three (3)

court days of a written request for same by any named party hereto;
and

(vi)    Independent businesses or persons formally retained by a party or its counsel in good faith to provide legal support services in this action, including persons who specialize in document reproduction, translation, computer classifications, or graphics consulting; and

(vii)   Any other persons as all parties hereto may agree to in writing or as the Court may order.

(b)     Any testimony, arguments, filings, documents, things and information designated as "CONFIDENTIAL" is accessible only by the following persons:

(i)     Persons having access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information; and

(ii)    The officers, directors and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed a Certification in the form shown in Exhibit A; and

(iii)   Witnesses providing testimony by deposition or at any court proceeding in this case; and

(iv)    Any other persons as all parties hereto may agree to in writing or as the Court may order.

3.4     Conflicts in Designation.  If the parties designate the same testimony, arguments, filings, documents, things or information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently.  If the Receiving Party believes that any testimony, arguments, filings, documents, things or information should be protected by a higher degree of confidentiality than specified by the disclosing party, and has not previously produced and/or so designated the testimony, arguments, filings, documents, things and information and the disclosing party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect.

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

1      3.5    Inadvertent Failure to Designate.   A party's inadvertent failure to designate or

2    accurately designate testimony, documents, items or other information as "CONFIDENTIAL" or

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be construed as a

4    waiver, in whole or in part, and that party shall have fifteen (15) business days after such

5    production to so stamp or otherwise designate or redesignate the document, testimony, item or

6    other information.    In the interim and until said fifteen (15) business days expire, said

7    undesignated or inaccurately designated documents or information shall be afforded the highest

8    level of confidentiality provided in this Protective Order.

9      3.6    Resolution of Disputes Regarding Confidentiality Designations.   A party does not

10    waive its right to challenge a confidentiality designation by electing not to mount a challenge at

11    the time a designation is made, and is not precluded from making a challenge subsequent thereto

12    during the pendency of this litigation. In the event that any party to this litigation disputes any

13    such designation, such party shall provide to the designating party written notice of its

14    disagreement with the designation.    In an effort to settle such dispute without judicial

15    intervention, the parties shall meet and confer (voice-to-voice) within five (5) business days

16    (unless a different time period is agreed to in writing by said parties) after such notice to

17    reconsider the circumstances and explain the bases for maintaining or challenging the

18    designation.

19      In the case of material designated "CONFIDENTIAL," if the dispute cannot be resolved,

20    any party may request relief from the Court by filing and serving a motion under Civil Local Rule

21    37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

22    material and sets forth in detail the basis for the challenge.    Each such motion must be

23    accompanied by a competent declaration that affirms that the movant has complied with the meet

24    and confer requirements and that sets forth with specificity the stated justification for the

25    confidentiality designation that was given by the designating party in the meet and confer

26    dialogue (notwithstanding who the movant is).

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

1    Notwithstanding the above, in the case of material designated "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the dispute cannot be resolved, it shall be

3    the obligation of the designating party, within ten (10) days following the meet and confer, to file

4    and serve a motion to maintain such designation.  If the designating party fails to so move within

5    ten days, the status of the materials in question will be changed from "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "CONFIDENTIAL" and thereafter treated

7    accordingly under this Order

8    The designating party shall bear the burden of proving that information has been properly

9    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY."  During the pendency of such dispute or application, and until the Court may rule

11   otherwise, the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY" shall remain subject to the designations and restrictions of this

13   Order.

14   4.    RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE

15   4.1    Record Maintenance.  All Confidential Information must be stored and maintained

16   by a Receiving Party at a location and in a secure manner that [plaintiff proposes adding the term:

17   "reasonably"] ensures in good faith that access is limited to persons authorized under this Order.

18   4.2    Copies, Summaries, and Extracts.  No individual shall make copies, extracts or

19   summaries of any confidentially designated document, argument, testimony, filing, thing or

20   information produced by another party (or non-party) hereto during the course of this litigation

21   except to the minimum extent necessary for use as permitted by this Order.  Each such copy or

22   other paper shall be conspicuously marked with an appropriate Legend signifying its confidential

23   status.  Counsel and all persons to whom such copies, extracts, or summaries are produced or

24   disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent

25   disclosure of such material.

26   4.3    Limitation to Instant Action.  No person or party, including third parties, receiving

27   or providing any confidential testimony, arguments, filings, documents, things and information

28   during the course of these proceedings shall disclose such testimony, arguments, filings,

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

1    documents, things and information to anyone other than as permitted by this Order nor use such

2    testimony, arguments, filings, documents, things and information for any purpose other than for

3    use in this litigation, except as may be required by law and then only upon adequate notice to the

4    parties that such disclosure is required, such notice to be given prior to the time any disclosure of

5    Confidential Information is made.

6         4.4    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

7         If a Receiving Party is served with a subpoena or an order issued in other litigation that

8    would compel disclosure of any information or items designated in this action as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

10   Receiving Party must so notify the designating party, in writing (by fax, if possible) immediately

11   and in no event more than three (3) court days after receiving the subpoena or order.   Such

12   notification must include a copy of the subpoena or court order and afford the designating party a

13   reasonable opportunity to try to protect its confidentiality interests in the court from which the

14   subpoena or order issued.

15        The Receiving Party also must immediately inform (in writing) the party who caused the

16   subpoena or order to issue in the other litigation that some or all the material covered by the

17   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

18   deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

19   caused the subpoena or order to issue.   The Receiving Party shall not disclose Confidential

20   Information without giving three (3) court days notice of the intended disclosure to all parties

21   hereto.

22        4.5    Third Party Discovery.  To the extent that any discovery is sought from a person or

23   entity who is not a party to this litigation, and in the event such third party or any of the parties

24   hereto contend the discovery sought from the third party by a requesting party involves

25   Confidential Information, then such third party may agree to be bound by this Order and to

26   produce documents, information and things in compliance with this Order, and to so notify all

27   parties to this litigation in writing.  In the event such third party agrees to be bound by this Order,

28   then the provisions of this Order are to apply to that party.

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

4.6     Unauthorized Disclosure of Confidential Information.   If a party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any person or in any circumstance not authorized under this Stipulated Protective Order, that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Certification in the form shown in Exhibit A.

4.7     Filing Confidential Information.   Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party or non-party may not file in the public record in this, or any other, action any Confidential Information protected under this Order.   A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

5.     DURATION AND TERMINATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in full force and effect unless or until it is modified, superseded or terminated on the record by agreement of all parties hereto, in writing by all parties hereto, or by order of the Court.

Within sixty (60) days after the final termination of this action, which includes any final judicial appellate review, each Receiving Party must return to the Producing Party any and all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and all copies, summaries and extracts of the same or shall certify by the sixty (60) day deadline the return of such material.   At the written election of the producing party, such documents or materials may be destroyed instead of returned.   The party returning or destroying such documents or materials must submit a written certification to the producing party (and, if not the same, the designating party) within the same above-referenced sixty (60) day period that such documents and/or materials were to be returned or destroyed, as elected by said producing and/or designating party.   Notwithstanding the provisions of this section, counsel are entitled to retain an

- 10 -

1    archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

2    attorney work product, even if such materials contain Confidential Information.   Any such

3    archival copies that contain or constitute Confidential Information shall remain subject to this

4    Order.

5    6.      MISCELLANEOUS

6           6.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to

7    seek its modification by the Court in the future.

8           6.2     Right to Assert Other Objections.  By stipulating to the entry of this Order no party

9    waives any right it otherwise would have to object to disclosing or producing or to redact any

10   information or item on any ground not addressed in this Stipulated Protective Order.   Similarly,

11   no party waives any right to object on any ground to use in evidence of any of the material

12   covered by this Order.

13          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH

1    DATED: _____, 2006                    Respectfully submitted,

2                                                **DERGOSITS & NOAH LLP**

3
                                                 By: _____/s/_____
4                                                       Michael Dergosits

5                                                **SMITH DORNAN & DEHN, PC**

6                                                 By: _____/s/_____
7                                                       David Atlas
                                                 Attorneys for Plaintiff Gee Jeffery & Partners
8                                                Advertising, Inc. (in Best Buy II)

9                                                **BRADSHAW & ASSOCIATES**

10
                                                 By:_____/s/_____
11                                                     Scott A. Freedman
                                                 Attorneys for Plaintiff, Identity Arts, LLC (in Best
12                                               Buy I)

13                                               **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

14
                                                 By:_____/s/_____
15                                                     Robert F. Hinton
                                                 Attorneys for Defendants Best Buy Enterprise
16                                               Services, Inc. and Best Buy Co., Inc. (in Best Buy
                                                 I)
17
                                                 Attorneys for Defendant AMC Entertainment Inc.
18                                               (in Best Buy II).

19                                               **DAVIS WRIGHT TREMAINE LLP**

20                                               By:_____/s/_____
                                                       Thomas R. Burke
21                                               Attorneys for Defendants Identity Arts, LLC, David
                                                 Bobrow and David Janssen (in Best Buy II)
22
                                                 **HOLME ROBERTS & OWEN LLP**
23

24                                               By:_____/s/_____
                                                       Roger R. Myers
25
                                                 Attorneys for Defendants Best Buy Enterprise
26                                               Services, Inc., Best Buy Co., Inc. and Sprint
                                                 Corporation (in Best Buy II)
27

28

[PROPOSED] STIPULATED
                                                 PROTECTIVE ORDER - C 06-01631
                                                 AND C 05-4645 PJH

1

2      PURSUANT TO STIPULATION, IT IS SO ORDERED.

3
                  December 21
4      DATED: _____, 2006              _____

5                                                The Honorable
                                                 United States D
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED

Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>CERTIFICATION</u>

I, _____ [print of type full name], of _____

[print or type full address], hereby certify that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on _____ in the case of <u>Gee Jeffery & Partners Advertising, Inc. v.</u>

<u>Best Buy Co., Inc., et al.</u>, Case No. C-06-1631 (PJH) and <u>Identity Arts LLC v. Best Buy</u>

<u>Enterprise Services et al.</u>, Case No. C-05-4656 (PJH).  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

Date: _____

Printed Name: _____

Signature: _____

[PROPOSED] STIPULATED
PROTECTIVE ORDER - C 06-01631
AND C 05-4645 PJH